UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| DAVID W. PHILLIPS and ) | | |
| SHARON S. PHILLIPS, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | 3:06-cv-77-RLY-WGH | |
| ) | | |
| LEITZ TOOLING SYSTEMS, GMBH ) | | |
| d/b/a LEITZ TOOLING SYSTEMS, INC., ) | | |
| ) | | |
| Defendant. ) | | |

**ORDER ON DEFENDANT'S
VERIFIED MOTION TO COMPEL**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Verified Motion to Compel and Brief in Support of Defendant's Motion to Compel flexcel/Kimball International's Responses to Non-Party Requests for Production of Documents filed by the Defendant, Leitz Tooling Systems, GMBH d/b/a Leitz Tooling Systems, Inc., on December 3, 2007. (Docket Nos. 53-54). The non-party, flexcel, appeared at a settlement conference on this matter on December 10, 2007, by counsel, Donald R. Wright, and provided a letter response to the motion. (Docket No. 68). That letter response stated, in pertinent part, that flexcel relies upon the arguments raised in its response to the non-party production requests. The Magistrate Judge, being duly advised, now **GRANTS** the Verified Motion to Compel.

The Verified Motion to Compel in this case addresses flexcel's failure to produce documents in response to Request for Production Nos. 8, 15, and 22:

**Request for Production No. 8:**

Request No. 8 requires copies of reports and documents relied upon in the investigation of the accident which is the subject of the Complaint. Non-party flexcel's sole objection or response is that these items have already been produced. However, apparently the document provided to the court *in camera* has not been produced and does appear to be relevant to the issue in this case. It must, therefore, be produced.

**Request for Production No. 15:**

Request No. 15 requires the production of a complete copy of all documents referencing any corrective action taken on the machine, including all maintenance and additional safety features, if any, following the accident. Non-party flexcel responds that documentation of any such action is irrelevant and immaterial and cannot lead to admissible evidence, allegedly because evidence of subsequent remedial measures is not admissible. The Magistrate Judge concludes that while Federal Rule of Evidence 407 generally prohibits introduction into evidence of such measures, that rule does not prevent the discovery of the measures. The rule itself indicates that evidence of subsequent measures can be offered for other purposes such as proving ownership, control, or feasibility of precautionary measures, if controverted, or can be used for impeachment. In this case, the discovery of the information produced may go to the issue of whether that evidence may be introduced into evidence for other purposes and is, therefore, relevant and must be produced.

**Request for Production No. 22:**

Request No. 22 requests a complete copy of all documents concerning the OHSA/IOHSA investigation and reports to federal/state authorities regarding the accident. Non-party flexcel apparently argues that because no OHSA/IOHSA investigation or reports were made specifically because of the accident, any such report would not be relevant. However, the Magistrate Judge's *in camera* review of the documents provided shows that this "Request for Consultation" was generated "on 07/05/05 due to the fact they had an employee injured on the job and wanted assistance with the accident investigation. (See Executive Summary p. 1)." The Magistrate Judge concludes that the report, including the follow-up materials, are relevant to the particular accident at issue. Non-party flexcel does not argue that any other privilege applies which would protect this report from discovery. Therefore, it must be produced in this case.

The materials to be produced should be forwarded to the Defendant not later than five (5) days from the date of this order because of the press of time with respect to the trial date in this matter.

**SO ORDERED.**

**Dated:** December 12, 2007

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

James R. Fisher
MILLER & FISHER LLC
fisher@millerfisher.com

Keith A. Gaston
DEFUR VORAN LLP
kgaston@defur.com

Nathan B. Maudlin
KLEZMER & ASSOCIATES
nmaudlin@randyklezmer.com

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com

Pamela A. Paige
DEFUR VORAN LLP
ppaige@defur.com